UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

EARL WALTERS,

                              Plaintiff,

- against -

ANN MARIE FIELDS PERSONAL REPRESENTATIVE OF VITO NAVARRA'S ESTATE, POLICE OFFICERS AND/OR POLICE DETECTIVES JOHN AND/OR JANE DOES 1-10, and THE CITY OF NEW YORK,

                              Defendants.

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE AMENDED COMPLAINT**

24-CV-8111 (RER)(CLP)

Jury Trial Demanded

------------------------------------------------------------------------

Defendant City of New York, by its attorney Muriel Goode-Trufant, Corporation Counsel of the City of New York, for its Answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

    1. Denies the allegations set forth in paragraph "1" of the Amended Complaint.

    2. Denies the allegations set forth in paragraph "2" of the Amended Complaint.

    3. Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that Plaintiff was convicted by a jury.

    4. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "4" of the Amended Complaint.

    5. Denies the allegations set forth in paragraph "5" of the Amended Complaint.

    6. Denies the allegations set forth in paragraph "6" of the Amended Complaint.

    7. Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

8. States that the allegations set forth in paragraph "8" of the Amended Complaint are legal conclusions to which no response is required.

9. Denies the allegations set forth in paragraph "9" of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

10. Denies the allegations set forth in paragraph "10" of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

11. Denies the allegations set forth in paragraph "11" of the Amended Complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 23, 2023 and further admit that, to date, this matter has not been resolved.

12. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "12" of the Amended Complaint.

13. Denies the allegations set forth in paragraph "13" of the Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

14. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "14" of the Amended Complaint.

15. States that the allegations set forth in paragraph "15" of the Amended Complaint are not averments of fact that require a response.

16. Denies the allegations set forth in paragraph "16" of the Amended Complaint.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

18. States that the allegations set forth in paragraph "18" of the Amended Complaint are legal conclusions to which no response is required.

19. Denies the allegations set forth in paragraph "19" of the Amended Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

20. Denies the allegations set forth in paragraph "20" of the Amended Complaint, except admits that, on October 7, 1992, Detective Vita Navarra was employed by the New York City Police Department.

21. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "21" of the Amended Complaint as they pertain to unidentified defendants.

22. States that the allegations set forth in paragraph "22" of the Amended Complaint are not averments of fact that require a response.

23. States that the allegations set forth in paragraph "23" of the Amended Complaint are legal conclusions to which no response is required.

24. Denies the allegations set forth in paragraph "24" of the Amended Complaint, and further states that the paragraph contains conclusions of law, rather than averments of fact, to which no response is required.

25. Denies the allegations set forth in paragraph "25" of the Amended Complaint.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint, except admits that the indictment stemmed from two separate incidents on September 2 and September 24, 1992, and that both were consolidated into one indictment numbered 4505-1992.

27. Admits the allegations set forth in paragraph "27" of the Amended Complaint, and further states that the paragraph contains conclusions of law, rather than averments of fact, to which no response is required.

28. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "28" of the Amended Complaint.

29. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "29" of the Amended Complaint, except admits that the trial and sentencing occurred in the Supreme Court of the State of New York, Queens County, Criminal Term.

30. Admits the allegations set forth in paragraph "30" of the Amended Complaint.

31. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint, except admits that a motion to vacate the conviction was granted on August 24, 2023.

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint, except admits that, on August 24, 2023, all charges against Walters contained in the indictment were vacated and dismissed.

34. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "34" of the Amended Complaint.

35. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "36" of the Amended Complaint.

37. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "37" of the Amended Complaint.

38. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "38" of the Amended Complaint.

39. Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "41" of the Amended Complaint.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint.

43. Denies the allegations set forth in paragraph "43" of the Amended Complaint.

44. Denies the allegations set forth in paragraph "44" of the Amended Complaint.

45. Denies the allegations set forth in paragraph "45" of the Amended Complaint.

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the Amended Complaint.

49. Denies the allegations set forth in paragraph "49" of the Amended Complaint.

50. Denies the allegations set forth in paragraph "50" of the Amended Complaint.

51. Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52. Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the Amended Complaint.

55. Denies the allegations set forth in paragraph "55" of the Amended Complaint, except admits that plaintiff was arraigned on charges stemming from incidents alleged to have occurred on September 2 and 24, 1992, and was subsequently indicted.

56. Denies the allegations set forth in paragraph "56" of the Amended Complaint.

57. Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58. Denies the allegations set forth in paragraph "58" of the Amended Complaint.

59. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "59" of the Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Amended Complaint.

61. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "61" of the Amended Complaint.

62. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "62" of the Amended Complaint.

63. Denies the allegations set forth in paragraph "63" of the Amended Complaint, except admits that plaintiff's trial commenced in January 1994.

64. Denies the allegations set forth in paragraph "64" of the Amended Complaint.

65. Denies the allegations set forth in paragraph "65" of the Amended Complaint, except admits that plaintiff was sentenced.

66. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "66" of the Amended Complaint.

67. Denies the allegations set forth in paragraph "67" of the Amended Complaint, except admits that plaintiff was sentenced.

68. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "68" of the Amended Complaint.

69. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "69" of the Amended Complaint.

70. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "70" of the Amended Complaint.

71. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "71" of the Amended Complaint.

72. Denies the allegations set forth in paragraph "72" of the Amended Complaint, except admits that Walters's conviction was vacated and the indictment against him was dismissed.

73. Denies the allegations set forth in paragraph "73" of the Amended Complaint, except admits that on August 24, 2023, the motion to vacate Walters's conviction was granted and the indictment was dismissed.

74. In response to the allegations set forth in paragraph "74" of the Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

75. Denies the allegations set forth in paragraph "75" of the Amended Complaint.

76. Denies the allegations set forth in paragraph "76" of the Amended Complaint.

77. Denies the allegations set forth in paragraph "77" of the Amended Complaint.

78. Denies the allegations set forth in paragraph "78" of the Amended Complaint.

79. Denies the allegations set forth in paragraph "79" of the Amended Complaint.

80. Denies the allegations set forth in paragraph "80" of the Amended Complaint.

81. Denies the allegations set forth in paragraph "81" of the Amended Complaint.

82. Denies the allegations set forth in paragraph "82" of the Amended Complaint.

83. Denies the allegations set forth in paragraph "83" of the Amended Complaint.

84. Denies the allegations set forth in paragraph "84" of the Amended Complaint

85. In response to the allegations set forth in paragraph "85" of the Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86. Denies the allegations set forth in paragraph "86" of the Amended Complaint.

87. Denies the allegations set forth in paragraph "87" of the Amended Complaint.

88. Denies the allegations set forth in paragraph "88" of the Amended Complaint, and further states that the paragraph contains conclusions of law, rather than averments of fact, to which no response is required.

89. Denies the allegations set forth in paragraph "89" of the Amended Complaint.

90. Denies the allegations set forth in paragraph "90" of the Amended Complaint.

91. Denies the allegations set forth in paragraph "91" of the Amended Complaint.

92. Denies the allegations set forth in paragraph "92" of the Amended Complaint.

93. Denies the allegations set forth in paragraph "93" of the Amended Complaint.

94. Denies the allegations set forth in paragraph "94" of the Amended Complaint.

95. Deny the allegations set forth in paragraph "95" of the Amended Complaint.

96. In response to the allegations set forth in paragraph "96" of the Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

97. Denies the allegations set forth in paragraph "97" of the Amended Complaint.

98. Denies the allegations set forth in paragraph "98" of the Amended Complaint.

99. States that the allegations set forth in paragraph "99" of the Amended Complaint are legal conclusions to which no response is required.

100. Denies the allegations set forth in paragraph "100" of the Amended Complaint, and further states that the paragraph contains conclusions of law, rather than averments of fact, to which no response is required.

101. Denies the allegations set forth in paragraph "101" of the Amended Complaint.

102. Denies the allegations set forth in paragraph "102" of the Amended Complaint.

103. Denies the allegations set forth in paragraph "103" of the Amended Complaint.

104. Denies the allegations set forth in paragraph "104" of the Amended Complaint.

105. In response to the allegations set forth in paragraph "105" of the Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

106. Denies the allegations set forth in paragraph "106" of the Amended Complaint.

107. Denies the allegations set forth in paragraph "107" of the Amended Complaint, and further states that the paragraph contains conclusions of law, rather than averments of fact, to which no response is required.

108. Denies the allegations set forth in paragraph "108" of the Amended Complaint.

109. Admits the allegations set forth in paragraph "109" of the Amended Complaint.

110. Denies allegations set forth in paragraph "110" of the Amended Complaint.

111. States that the allegations set forth in paragraph "111" of the Amended Complaint are legal conclusions to which no response is required.

112. States that the allegations set forth in paragraph "112" of the Amended Complaint are legal conclusions to which no response is required.

113. In response to the allegations set forth in paragraph "113" of the Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

114. Denies the allegations set forth in paragraph "114" of the Amended Complaint.

115. States that the allegations set forth in paragraph "115" of the Amended Complaint are legal conclusions to which no response is required.

116. In response to the allegations set forth in paragraph "116" of the Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

117. Denies the allegations set forth in paragraph "117" of the Amended Complaint.

118. Denies the allegations set forth in paragraph "118" of the Amended Complaint.

119. Denies the allegations set forth in paragraph "119" of the Amended Complaint.

120. Denies the allegations set forth in paragraph "120" of the Amended Complaint, except admits that plaintiff purports to seek the relief stated therein.

121. Denies the allegations set forth in paragraph "121" of the Amended Complaint.

122. Denies the allegations set forth in paragraph "122" of the Amended Complaint.

123. Denies the allegations set forth in paragraph "123" of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

124. The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

125. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant.

**THIRD AFFIRMATIVE DEFENSE:**

126. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**FOURTH AFFIRMATIVE DEFENSE:**

127. There was probable cause for plaintiff's arrest, detention, and prosecution.

## FIFTH AFFIRMATIVE DEFENSE:

128. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## SIXTH AFFIRMATIVE DEFENSE:

129. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## SIXTH AFFIRMATIVE DEFENSE:

130. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE:

131. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## EIGHTH AFFIRMATIVE DEFENSE:

132. Punitive damages cannot be assessed against defendant City of New York.

**WHEREFORE,** defendant requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
                 April 22, 2025

                                          **MURIEL GOODE-TRUFANT**
                                          Corporation Counsel of the
                                             City of New York
                                          *Attorney for Defendant City of New York*
                                          100 Church Street
                                          New York, New York 10007
                                          (212) 356-2249

                                   By: _____/s/_____
                                           Jack McLaughlin
                                           *Assistant Corporation Counsel*
                                           Special Federal Litigation Division

                                   By: _____/s/_____
                                           KellyAnne Holohan
                                           *Senior Counsel*
                                           Special Federal Litigation Division

**cc**:     **<u>VIA ECF</u>**
          All counsel of record