

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

March 16, 2026

**BY ECF**
Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Earl Walters v. City of New York, et al.</u>,
           24-CV-8111 (RER)(PCG)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, attorney for defendants the City of New York and Ann Marie Fields, personal representative of the Estate of Vito Navarra, in the above-referenced action. I write on behalf of the parties to provide a status report in accordance with this Court's January 28, 2026 Order (ECF No. 25).

        As set forth in prior status reports (ECF Nos. 23, 24, 26), a central issue in this case is obtaining the Queens County District Attorney's Office ("QCDA") files relating to *People v. Earl Walters*, Indictment No. 4505/1992, and QCDA's 2022–23 reinvestigation. On November 14, 2025, defendants filed a joint motion for a protective order and proposed order directing QCDA to disclose those records subject to appropriate safeguards (ECF No. 25).

        On January 28, 2026, the Court entered an electronic order granting the motion. However, it appears that the proposed order submitted with the motion—which contains the specific provisions governing disclosure, redaction of victim-identifying information, and limitations on the use of the materials—has not yet been entered as a signed order on the docket. Upon being advised of the Court's January 28 electronic order, QCDA indicated that it requires a signed copy of the proposed order before it will release the files, as the proposed order contains the specific terms and conditions under which QCDA is authorized and directed to make disclosure, including protections for sealed records and information concerning victims of sex offenses under New York Civil Rights Law § 50-b and C.P.L. § 160.50.

        As a result, the parties have been unable to obtain the QCDA files, which in turn has delayed the exchange of paper discovery. The parties respectfully request that the Court enter

the proposed order that was submitted as an attachment to ECF No. 25, so that QCDA can proceed with disclosure.

Once the signed order is entered and the QCDA files are produced, the parties anticipate being able to move forward promptly with discovery. The parties respectfully request sixty (60) days for the next status report (May 15, 2026).

          Respectfully Submitted,

          /s/ *John McLaughlin*

          John McLaughlin
          Attorney for Defendants
          *Assistant Corporation Counsel*
          New York City Law Department
          100 Church Street
          New York, NY 10007
          (212) 356-2670
          jmclaugh@law.nyc.gov

Cc:   **VIA ECF**
      *All counsel of record.*